**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7477**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JAMES E. DOWNING, a/k/a Marcus Moultrie, a/k/a Rahmel Lyles,
a/k/a Ramez Lyles,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.   Malcolm J. Howard,
Senior District Judge.  (4:05-cr-00052-H-2)

Submitted:  March 30, 2010          Decided:  April 2, 2010

Before WILKINSON, GREGORY, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James E. Downing, Appellant Pro Se.  Rudolf A. Renfer, Jr.,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James E. Downing seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2009) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

We have independently reviewed the record and conclude that Downing has not made the requisite showing. The district court lacked jurisdiction and therefore erred by deciding the Rule 60(b) motion on the merits. The claims raised in Downing's Rule 60(b) motion challenge the validity of his convictions.

Thus, the district court should have construed the motion as a successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3). Accordingly, we deny a certificate of appealability and dismiss the appeal. To the extent that Downing's notice of appeal and informal brief could be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. See Winestock, 340 F.3d at 208. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3